UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY RHINES,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:20-0407 |
| v | : | (JUDGE MANNION) |
| **THOMAS MCGINLEY,** Superintendent | : | |
| Respondent | : | |
| | : | |

**MEMORANDUM**

**I.   Background**

On March 9, 2020, Petitioner, Gary Rhines, a former federal inmate, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Rhines' petition states in toto:

Request the Bureau of Prisons to provide defendant when his federal sentence commenced and was the sentence imposed in regards to program statement 5880.28, Chapter 1, pp. 12-13.

In regards to commencement of sentence, the BOP generally determines the date upon which a federal sentence commences, see BOP Program Statement 5880.28, Chapter 1, pp. 12-13 and recodified 18 U.S.C. §3585.

Id.

For relief, Petitioner requests:

>To verify and clarify the commencement of his federal sentence and also to contact Pens. Board of Probation and Parole Board secretary with this information, 1101 S. Front Street, Harrisburg, Pa. 17104, Suite 5100.

Id.

A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the instant petition will be dismissed as moot.

## II. Discussion

According to BOP records, Rhines' federal sentence commenced on July 1, 2004, the date it was imposed in the United States District Court for the Middle District of Pennsylvania, at case 4:01-cr-00310-JEJ. (Doc. 8-1 at 8, Public Information Inmate Data). Rhines was awarded 1,043 days of prior custody credit by the BOP. Id. On July 24, 2019, Rhines' sentence was reduced to time served and he was released from federal custody. Id.

Respondent indicates that a copy of their response, containing Rhines' federal sentence information, was served upon the Pennsylvania Board of Probation and Parole. (See Doc. 8 at 5, Certificate of Service).

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome

2

of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because the Bureau of Prisons has complied with the relief requested in the instant petition[1], there is no further relief available to Rhines and his habeas petition has been rendered moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (finding that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). See also Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008). An appropriate Order will enter.

---

[1] To the extent that Petitioner raises claims, in his traverse (Doc. 9), which challenge his current state parole violator sentence, he is free to file any appropriate state remedies challenging his state sentence prior to filing another petition for writ of habeas corpus challenging such sentence.

## III.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.


                                                              *s/ Malachy E. Mannion*
                                                              **MALACHY E. MANNION**
                                                              **United States District Judge**

**Date: October 16, 2020**
20-0407-01